**Gulzar SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–72820.

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 19, 2010.

_____
* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William Frick, Esquire, Law Office of William Frick, Seattle, WA, for Petitioner.

Paul F. Stone, Esquire, Alison Marie Igoe, Esquire, OIL, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

## MEMORANDUM **

Gulzar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand, and dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand. *Romero–Ruiz v. Mukasey,* 538 F.3d 1057, 1062 (9th Cir.2008). We review de novo due process contentions and we review for substantial evidence factual findings. *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Even if Singh had timely filed his asylum application within one year of entry into the United States, substantial evidence supports the agency's adverse credibility determination because discrepancies regarding Singh's employment as a constable police officer in his asylum application

go to the heart of his claim. *See Don v. Gonzales,* 476 F.3d 738, 741–43 (9th Cir. 2007) (inconsistencies that go to the heart of the claim from asylum application support an adverse credibility determination). In the absence of credible evidence, Singh has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on the testimony the IJ found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See id.* at 1156–57.

We deny Singh's due process claim challenging the BIA's denial of his motion to remand because the BIA did not abuse its discretion and Singh failed to demonstrate prejudice. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

